IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NATHAN D. BENNETT,<br><br>Plaintiff,<br><br>v.<br><br>BOY SCOUTS OF AMERICA ALOHA COUNCIL # 104, ET AL.,<br><br>Defendants. | CIV. NO. 24-00384 JMS-WRP (9th Cir. No. 24-6726)<br><br>ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL, ECF NO. 13, AND CERTIFYING APPEAL AS FRIVOLOUS |

**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL, ECF NO. 13, AND CERTIFYING APPEAL AS FRIVOLOUS**

**I. INTRODUCTION**

On October 24, 2024, this court dismissed this action brought by pro se Plaintiff Nathan D. Bennett ("Plaintiff"), and judgment was entered. *See* ECF No. 10 (the "Dismissal Order") and ECF No. 11 (Clerk's Judgment). On October 31, 2024, Plaintiff filed an appeal to the Ninth Circuit Court of Appeals. *See* ECF No. 12. And on October 31, 2024, Plaintiff filed an Application to Proceed In Forma Pauperis ("IFP") on Appeal. *See* ECF No. 13.

For the reasons set forth, the Application to Proceed IFP on Appeal is DENIED, and the court certifies that the appeal is not taken in good faith and is frivolous. *See* Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(3). The District Court

Clerk shall notify the parties and the Clerk of the Ninth Circuit (9th Cir. App. No. 24-6726) of this Order forthwith. *See* Fed. R. App. P. 24(a)(4). Given this denial, Plaintiff may attempt to file a motion to proceed IFP on appeal in the Ninth Circuit. *See* Fed. R. App. P. 24(a)(5).

## II. LEGAL STANDARDS

Federal Rule of Appellate Procedure 24(a) regarding IFP proceedings on appeal provides in part:

> (1) Motion in the District Court. Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> > (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> >
> > (B) claims an entitlement to redress; and
> >
> > (C) states the issues that the party intends to present on appeal.
>
> (2) Action on the Motion. If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.

And 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

An appeal is taken in good faith if it seeks review of any issue that is non-frivolous. *See, e.g.*, *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). An issue is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitze v. Williams*, 490 U.S. 319, 325 (1989). Claims are legally frivolous if "based on an indisputably meritless legal theory," such as against defendants who are immune from suit or for infringement of a legal interest that clearly does not exist. *Id.* at 327. Claims are factually frivolous if premised on "clearly baseless" factual contentions, such as claims "describing fantastic or delusional scenarios." *Id.* at 327–28. *See also, e.g.*, *McAllister v. Hawaiiana Mgmt. Co.*, 2013 WL 12407395, at *1 (D. Haw. Apr. 4, 2013) (addressing standard in motion to proceed IFP on appeal).

### III.  DISCUSSION

Applying the preceding standards, the court DENIES Plaintiff's Application to Proceed IFP on Appeal. Plaintiff's Application demonstrates an "inability to pay or to give security for fees and costs." Fed. R. App. P. 24(a)(1)(A). *See* ECF No. 13 at PageID.207–208 (attesting to assets of $189.34 in cash and a vehicle of $3,500, with no current income). But the Application fails to satisfy the other requirements of Rule 24(a)(1). Plaintiff has neither attached an affidavit that "claims an entitlement to redress," Fed. R. App. P. 24(a)(1)(B), nor an affidavit that "states the issues that the party intends to present on appeal," Fed.

R. App. P. 24(a)(1)(C).  *See, e.g.*, *McAllister*, 2013 WL 12407395, at *2 (denying application to proceed IFP on appeal for failure to satisfy all prongs of Rule 24(a)(1)); *United States v. Jones*, 2023 WL 143941, at *2 (E.D. Tenn. Jan. 10, 2023) (denying motion to appeal IFP for failure to comply with Rule 24(a)(1)(C)); *Mitchell v. Cnty. of Douglas*, 2024 WL 2018725, at *1 (D. Neb. Apr. 23, 2024) (denying application for, in part, lack of compliance with Rule 24(a)(1)(C)); *Darling v. Zavaleta*, 2024 WL 4165106, at **1–2 (S.D. Fla. Aug. 27, 2024) (denying application for failure to provide a claim of entitlement to relief and statement of issues intended for appeal as required by Rule 24(a)(1)(B) and (C)); *Dameron v. Mack*, 2018 WL 1230591, at *2 (N.D. Ga. Jan. 4, 2018) (same).

Moreover, as explained in the Dismissal Order, Plaintiff's Complaint plainly fails, both legally and factually.  The Complaint lacks diversity of citizenship and makes federal claims that are frivolous.  Plaintiff's attempt to bring a qui tam action as a pro se relator plainly fails.  *See Stoner v. Santa Clara Cnty. Off. of Educ.*, 502 F.3d 1116, 1127 (9th Cir. 2007).  The Complaint alleges absolutely no basis for private causes of action for the criminal statutes and executive orders it purports to invoke.  *See, e.g.*, *Abcarion v. Levine*, 972 F.3d 1019, 1026 (9th Cir. 2020); *Cleveland v. Hunton*, 2017 WL 1153011, at *6 (E.D. Cal. Mar. 27, 2017).  And Plaintiff has had a prior claim based on the same circumstances dismissed in a different case, which is pending on appeal.  That is,

this case is barred by claim preclusion. *See Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164 (9th Cir. 2016). Because the Complaint failed to establish jurisdiction and failed to state a plausible claim, the court did not grant leave to amend. An appeal thus lacks an arguable basis in fact and law. Accordingly, the court finds Plaintiff's appeal to be frivolous and for that additional reason denies the Application to Proceed IFP on Appeal. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").[1]

---

[1] Similarly, Federal Rule of Appellate Procedure 24(a)(3) provides:

> Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding . . . .

Here, the court did not specifically give prior approval of Plaintiff to proceed IFP at the district court level. Rather, the court terminated a prior IFP application after it dismissed Plaintiff's action for a lack of subject matter jurisdiction, for failure to state a claim, and on res judicata grounds. *See* ECF No. 10 at PageID.204 n.2. The court dismissed the action after giving Plaintiff an opportunity to show cause why the action should not be dismissed, *see* ECF No. 7; *HayDay Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232, 1238 (9th Cir. 2022) (reiterating that federal courts have a duty to assure subject matter jurisdiction); *State of Nev. Emps. Ass'n, Inc. v. Keating*, 903 F.2d 1223, 1225 (9th Cir. 1990) (explaining that a court may raise res judicata sua sponte if the parties have an opportunity to address the issue). To the extent Rule 24(a)(3) is applicable because the court otherwise permitted Plaintiff to proceed without approving his prior IFP application, the court "certifies that the appeal is not taken in good faith [and] finds that the party is not otherwise entitled to proceed in forma pauperis." Fed. R. App. P.

(continued . . .)

## IV.  CONCLUSION

Based on the foregoing, the court DENIES Plaintiff's Application to Proceed IFP on Appeal.  ECF No. 13.  The court certifies an appeal to be frivolous.  The Clerk shall transmit a copy of this Order to the Ninth Circuit Court of Appeals (9th Cir. No. 24-6726).

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 6, 2024.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Bennett v. Boy Scouts of America Aloha Council # 104*, Civ. No. 24-00384 JMS-WRP, Order Denying Application to Proceeding in Forma Pauperis on Appeal, ECF No. 13, and Certifying Appeal as Frivolous

---

24(a)(3)(A).  In any event, the court independently makes such findings under 28 U.S.C. § 1915(a)(3).